IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CHARLES KIMBLE, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-122 |
| TEXAS DEP'T OF CRIMINAL JUSTICE, INMATE TRUST FUND | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Charles Kimble, Jr., a prisoner confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDC-CID), proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the Inmate Trust Fund Department of TDCJ.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff states that he received a stimulus check from the federal government, which was deposited into his inmate account. Plaintiff alleges the Inmate Trust Fund Department withdrew $280.00 on June 29, 2021, and $425.00 on July 27, 2021, to pay Plaintiff's court fees.

Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous ig it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Analysis

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes another to be deprived of a federally protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)*; Phillips v. Monroe County*, 311 F.3d 369, 373 (5th Cir. 2002. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights,

> privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983. In this case, Plaintiff contends the defendants violated his Fourteenth Amendment right to due process by withdrawing money from Plaintiff's inmate trust account to pay Plaintiff's court fees without Plaintiff's authorization.

A claim of deprivation of property by persons acting under color of state law may be cognizable in § 1983 litigation under the Due Process Clause of the Fourteenth Amendment. *Parratt v. Taylor,* 451 U.S. 527 (1981), *overruled in part on other grounds, Daniels v. Williams,* 474 U.S. 327 (1986). "However, a state actor's unauthorized deprivation of an inmate's prison account fund 'does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" *Hawes v. Stephens*, 964 F.3d 412, 418 (5th Cir. 2020); *see also Hudson v. Palmer,* 468 U.S. 517 (1984) (holding that the due process clause is not violated when a state employee intentionally deprives an individual of property where the state has a meaningful post-deprivation remedy).

The United States Court of Appeals has repeatedly held that the Texas tort of conversion provides an adequate postdeprivation remedy to inmates whose property has been confiscated. *Hawes*, 946 F.3d at 418; *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). Because a postdeprivation remedy is available, Plaintiff has failed to state a claim upon which relief may be granted.

<u>Recommendation</u>

This civil rights action should be dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 26th day of October, 2022.

_____
Zack Hawthorn
United States Magistrate Judge